IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIVER CONSTRUCTION COMPANY,

       Plaintiff,

v.                                                              CV 13-879 MV/WPL

NEU SECURITY SERVICE, LLC,
HENSEL PHELPS CONSTRUCTION NEW MEXICO, LLC,
KIEWIT NEW MEXICO, and
LIBERTY MUTUAL INSURANCE COMPANY,

       Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Shiver Construction Company ("Shiver") has filed a Motion to Remand to State Court. For the reasons discussed below, I recommend that the Court remand this case to state court.

**PROCEDURAL BACKGROUND**

Shiver filed this action for monetary and injunctive relief against Neu Security Services, LLC ("NSS"), Hensel Phelps Corporation New Mexico, LLC ("Hensel"), Kiewit New Mexico Company ("Kiewit"), and Liberty Mutual Insurance Company ("Liberty") in the First Judicial District Court of the State of New Mexico on March 6, 2013.[1] On April 12, 2013, NSS and Liberty filed an answer to Shiver's complaint and brought counterclaims, while Hensel and Kiewit filed a motion to dismiss on the basis that Shiver only asserted claims for injunctive relief against them but had an adequate remedy at law. Shiver filed a motion to amend the complaint on May 1, 2013. The parties filed a stipulated motion for an injunction on June 21, 2013, requiring Defendants to refrain from destroying or disposing of evidence applicable to this case.

---

[1] Shiver later added Los Alamos National Security, LLC ("Los Alamos"), as a defendant in the first amended complaint but never served this party. Los Alamos was dismissed from the case pursuant to a stipulated order of dismissal on April 9, 2014.

State District Judge Sheri A. Raphaelson granted the stipulated motion for an injunction on June 24, 2013, stating that "[t]his injunction shall expire upon the dismissal or final resolution of this litigation."

On July 11, 2013, Defendants moved to bifurcate the equitable and legal claims for relief. Defendants asserted that, while Shiver sought monetary relief from NSS and Liberty, "the only claims asserted by Shiver against Hensel and Kiewit are for injunctive relief to prevent the spoliation of evidence." Further, Defendants argued that "[t]he Court, by stipulation of the parties, has already granted the equitable relief sought by Shiver, and no further claims for equitable relief have been asserted."

While the motion to bifurcate remained pending, the state judge granted in part and denied in part both the motion to dismiss and the motion to amend on July 16, 2013. The state judge allowed the first amended complaint with modifications such that "Plaintiff [was] only allowed to state a claim for injunctive relief [from Hensel Phelps and Kiewit] seeking an injunction against the spoliation of evidence." On July 22, 2013, Shiver filed its first amended complaint pursuant to the state judge's order.

That same day, Shiver responded to the motion to bifurcate, claiming that Hensel and Kiewit were "properly subject to injunctive relief only, to prevent spoliation of evidence, as stated in the terms of [the] Stipulated Order," and because no trial was required for the injunction, there was no need to bifurcate the legal and equitable claims at trial. The state judge granted the motion to bifurcate on August 21, 2013. The order granting the motion stated that "[t]he Motion to Bifurcate does not dismiss any claims or Defendants nor remove any of the Defendants from the continued jurisdiction of this Court, but is only intended to provide for separate trials."

NSS and Liberty filed a notice of removal in this Court on September 12, 2013. They noted that the state court struck claims against Hensel and Kiewit pursuant to the order on the motions to dismiss and amend, and they asserted that the remaining claim for injunctive relief against spoliation of evidence was resolved by the June 24, 2013, stipulated order. NSS and Liberty stated that Shiver seeks relief greater than $75,000 and that complete diversity of citizenship exists because Shiver is a New Mexico corporation while NSS and Liberty are foreign corporations. Further, while Hensel and Kiewit are citizens of New Mexico for the purpose of diversity jurisdiction, NSS and Liberty alleged that the case was removable because Shiver had conceded in its response to the motion to bifurcate that all claims against Hensel and Kiewit were resolved by the stipulated injunction. Thus, NSS and Liberty stated, "As between Plaintiff and the remaining defendants, there exists a complete diversity of citizenship." With respect to the timeliness of the notice of removal, NSS and Liberty claimed that Hensel and Kiewit "were not removed as parties so that trial could proceed as between only Plaintiff, NSS and Liberty until entry of the State Court's Order granting the motion to bifurcate, which order was entered August 21, 2013."

Shiver filed a motion to remand on October 14, 2013. It argues that because removal is disfavored, any ambiguities must be resolved against removal; diversity is not complete because Hensel and Kiewit remain parties in the case; and the notice of removal was untimely. Shiver states that there is a continuing lack of diversity of citizenship between itself and Hensel and Kiewit and that the notice of removal was not filed within the thirty-day time limit provided for by 28 U.S.C. § 1446(b) after service of the complaint or first amended complaint.

NSS and Liberty respond that Shiver "settled" its claims against Hensel and Kiewit by the issuance of the stipulated injunction and that where a plaintiff settles a case as to non-diverse

parties, a case may later be removed as to the remaining parties if they are diverse. They also claim that the notice of removal was timely because "[i]t was not until the hearing on the Motion to Bifurcate [on August 14, 2013] where Plaintiff indicated, and the Court agreed, that all claims as to Defendants Hensel Phelps and Kiewit had been resolved, that removal to this Court became possible. That Order was entered on August 21, 2013." NSS and Liberty assert that because they filed their notice of removal on September 12, 2013—within thirty days of the order granting the motion to bifurcate—the removal was timely.

Shiver disputes that any settlement ever took place between the parties. It also argues that Hensel and Kiewit remain parties to the case because of the "pending injunction" against them. With respect to NSS and Liberty's timeliness argument, Shiver claims that NSS and Liberty should have "intelligently ascertain[ed] removability" within thirty days after service of the complaint or first amended complaint. In addition, Shiver maintains that the bifurcation had no impact on the issues for removal.

## DISCUSSION

There is a presumption against removal jurisdiction, and removal statutes must be narrowly construed. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The removing party has the burden to demonstrate that removal is appropriate. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) (unpublished); *accord Gutierrez v. Florez*, 543 F.3d 248, 251 (5th Cir. 2008).

One of the ways in which a case may be removed to federal court is where diversity of citizenship exists. Diversity of citizenship occurs where the matter in controversy exceeds $75,000 and no defendant is a citizen of the same State as any plaintiff. *See* 28 U.S.C. § 1332(a).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days after service of a copy of the initial pleading or, if the case as stated by the initial pleading is not removable, within thirty days of receipt by defendant of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Tenth Circuit interprets "ascertained" to mean "to find out or learn with certainty." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The defendant must be able to "intelligently ascertain removability" from "unequivocal" indications of removability. *Id.*; *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957). That is, the defendant should not face "an ambiguous statement that requires an extensive investigation to determine the truth" about removability. *DeBry*, 601 F.2d at 490.  The Tenth Circuit "disagree[s] with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist. Rather, this court requires clear and unequivocal notice from the pleading . . . or 'other paper' such as an answer to interrogatory." *Akin v. Ashland Chem.*, 156 F.3d 1030, 1036 (10th Cir. 1998).

This Court must therefore decide whether and when removability of this case could be intelligently ascertained. As a preliminary matter, I note that there is no indication in the record of a settlement between the parties. Nor have Hensel and Kiewit been dismissed from the case. However, removability may still be permitted with the presence of non-diverse parties depending on the circumstances.

For example, in *American Car*, the Court held that in order for a case with non-diverse defendants to become removable, the plaintiff must do a voluntary act such that "the resident defendants . . . 'so completely disappear[] from the case as to leave the controversy one entirely between the plaintiff and a nonresident corporation." *Am. Car & Foundry Co. v. Kettelhake*, 236

5

U.S. 311, 316 (1915). Those parties that are considered in determining the existence of diversity jurisdiction are those that are "real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Courts must disregard merely nominal parties. *Id.* at 461. In *Kidd*, the court found that a non-diverse, uninsured motorist was a nominal party to be disregarded in a case against plaintiffs' insurance company for uninsured motorist benefits, as the uninsured motorist was named as a defendant only for the purpose of determining whether the uninsured motorist was legally liable to plaintiffs, invoking the insurance company's responsibility to pay the uninsured motorist benefits. *Kidd v. Gilfilen*, 170 F. Supp. 2d 649, 651-52 (S.D. W.Va. 2001). The court determined that the uninsured motorist was not a real party in interest because this motorist lacked both a substantial stake in the action as well as control over the course of the litigation. *See id.* at 651. Rather, it was the insurance company that would have to pay any judgment, and it held the decision making responsibilities in the case. *Id.* at 652.

It is not clearly settled whether a case becomes removable upon bifurcation of non-diverse defendants from diverse defendants. For example, the court in *Lemos* stated that "[t]his is an interesting question of law, one which . . . we will not resolve here." *Lemos v. Fencl*, 828 F.2d 616, 619 (9th Cir. 1987). However, if the non-diverse, bifurcated party is merely a nominal party, then, pursuant to the cases previously cited, the case may be removed as to the remaining defendants. *See Charles v. Geico Gen. Ins. Co.*, No. 4:06-CV-0004-RRB, 2006 WL 1096599 (D. Alaska Apr. 24, 2006) (unpublished). In *Charles*, the original diverse defendant insurance company added a non-diverse uninsured motorist for purposes of subrogation claims, and the plaintiffs later added the uninsured motorist as a party. *Id.* at *1. The state court bifurcated the plaintiffs' claims against the uninsured motorist and the insurance company. *Id.* The federal district court permitted removal because the uninsured motorist was a nominal party, "named

only as a means to a more substantial end, namely the establishment of her liability for resulting damages to [Plaintiffs] so as to trigger Defendant's inchoate obligation to pay on its [uninsured motorist] coverage." *Id.*

Even assuming that Hensel and Kiewit became only nominal parties not affecting diversity jurisdiction due to the resolution of all claims against them, three documents illustrate that NSS and Liberty learned with certainty by July 22, 2013, that all claims had been "resolved" against Hensel and Kiewit, rendering the notice of removal untimely under 28 U.S.C. § 1446(b). First, NSS and Liberty's notice of removal states, "Plaintiff, in its Response to the Motion to Bifurcate, admitted that all claims against Hensel Phelps Construction New Mexico, LLC and Kiewit New Mexico Co. were resolved by issuance of the Stipulated Injunction." Indeed, Shiver's July 22, 2013, response to the motion to bifurcate indicates that Hensel and Kiewit "are properly subject to injunctive relief only, to prevent spoliation of evidence, as stated in the terms of the Stipulated Order Regarding Injunctive Relief." Consistent with this declaration is the first amended complaint, also filed on July 22, 2013, in which the only claim for relief against Hensel and Kiewit is for an injunction against the spoliation of evidence. As both bifurcated and non-bifurcated cases focus on whether a party is merely nominal in determining removability, there is no indication that the bifurcation of this case was required for removal. Instead, I find that Shiver's statement that Hensel and Kiewit were subject only to stipulated injunctive relief from the spoliation of evidence, combined with the first amended complaint, reflected clear and unequivocal notice of the resolution of claims. Furthermore, the record does not reflect that any additional pertinent information became available to NSS and Liberty after July 22, 2013. As the response to the motion to bifurcate and the first amended complaint clearly indicated that the only claim remaining against Hensel and Kiewit was for injunctive relief against the spoliation of

evidence, and as this claim had been resolved in the Stipulated Order Regarding Injunctive Relief, any discussion at the hearing on the motion to bifurcate as to the resolution of claims would have served as mere repetition. The deadline for the notice of removal based on the assumption that Hensel and Kiewit became nominal parties upon the resolution of all claims against them was therefore thirty days after July 22, 2013—August 21, 2013. NSS and Liberty's September 12, 2013, notice of removal was thus untimely.

## CONCLUSION

Because I find that NSS and Liberty's notice of removal was untimely, I need not decide whether NSS and Liberty properly treated Hensel and Kiewit as becoming nominal parties not affecting diversity jurisdiction. Instead, I conclude that even if Hensel and Kiewit became nominal parties such that removal became possible, the date on which NSS and Liberty could intelligently ascertain this fact was July 22, 2013, and the deadline for a timely notice of removal was August 21, 2013. I therefore recommend that the Court grant Shiver's motion and remand this case to the First Judicial District Court of the State of New Mexico for further proceedings.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.